FILED

NOT FOR PUBLICATION

MAY 15 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES J. BRADDOCK,

        Plaintiff-Appellant,

v.

ANGELINA JOLIE; et al.,

        Defendants-Appellees.

No.    13-55703

D.C. No.
2:12-cv-05883-DMG-VBK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted May 11, 2017[**]

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

James J. Braddock appeals pro se the district court's judgment on the

pleadings in his action under the Copyright Act against Angelina Jolie, GK Films

LLC, and FilmDistrict Distribution LLC.  Braddock alleges that defendants' film

*In the Land of Blood and Honey* infringed his copyright in the novel *Slamanje*

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Duse*.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *United States v. Teng Jiao Zhou*, 815 F.3d 639, 642 (9th Cir. 2016), and we affirm.

Braddock has waived his contention that the district court erred by basing its ruling on an incorrect English translation of *Slamanje Duse*.  He did not raise this issue before the district court, but rather relied on the same certified translation used by the district court in his opposition to defendants' motion for judgment on the pleadings.  *See Armstrong v. Brown*, 768 F.3d 975, 981-82 (9th Cir. 2014).

The district court did not err in concluding that, even assuming Braddock had sufficiently alleged both copyright ownership and defendants' access to *Slamanje Duse*, he nonetheless could not establish copyright infringement as a matter of law because under the extrinsic test, the novel and the film are not substantially similar.  *See Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076-77 (9th Cir. 2006) (a claim for copyright infringement requires that the plaintiff show (1) ownership in the copyright and (2) copying of original elements of the work; the second element may be shown by demonstrating "that the defendant had access to the plaintiff's work and that the two works are substantially similar;" "substantial similarity may often be decided as a matter of law" by applying the extrinsic test (citations and internal quotation marks omitted)).  Despite some general similarities between the two works, both of which

are derived from historical accounts of the Bosnian War, their "plot, themes, dialogue, mood, setting, pace, characters, and sequence of events" are mostly quite different. *Id.* at 1077 (describing elements of the extrinsic test); *see also id.* ("In applying the extrinsic test, this court compares, not the basic plot ideas for stories, but the actual concrete elements that make up the total sequence of events and the relationships between the major characters." (citation and internal quotation marks omitted)).

**AFFIRMED.**